## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

RODDRICK PERNELL KITTLES,

     Plaintiff,

v.                               CASE NO.:

TAMPA-F, LLC,
d/b/a ELDER FORD OF TAMPA LLC,

     Defendant,

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, RODDRICK PERNELL KITTLES, (hereinafter "Mr. Kittles" or "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint and Demand for Jury Trial against defendant, TAMPA-F, LLC, d/b/a ELDER FORD OF TAMPA LLC, (hereinafter "Elder Ford" or "Defendant") and states the following:

## INTRODUCTION

1.    The Plaintiff, RODDRICK PERNELL KITTLES, brings this action against Defendant, TAMPA-F, LLC, d/b/a ELDER FORD OF TAMPA LLC, his former employer, seeking to recover damages for unlawful

discrimination based on race, age, and disability, as well as retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"); the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 et seq. ("ADEA"); the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12101 et seq.; and the Florida Civil Rights Act of 1992, as amended, § 760.10 et seq. ("FCRA").

2.    As further set forth below, Plaintiff alleges that Defendant unlawfully discriminated against him based on his race (African American), age (60), and disability, altered the terms, conditions, and privileges of his employment, and retaliated against him for engaging in protected activity in violation of his rights under Title VII, ADEA, ADA, and FCRA.

3.    Defendant's discriminatory and retaliatory conduct culminated in Plaintiff's constructive discharge on July 31, 2023. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered actual damages including loss of income, loss of opportunity for future income, loss of benefits, and loss of future pay increases. In addition, he has suffered and continues to suffer loss of his professional and personal reputation, emotional distress, mental anguish, embarrassment, and humiliation.

4.      Plaintiff has incurred costs and attorney's fees in bringing this matter.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 2000e-5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) and the principles of pendent jurisdiction.

6.      This Court has jurisdiction to grant declaratory relief, declare the rights and legal relations of the parties, and order further relief pursuant to 28 U.S.C. §§ 2201 and 2202.

7.      Venue is proper in the United States District Court for the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. §§ 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims herein occurred within this District and Division and pursuant to 42 U.S.C. § 2000e-5(f)(3) because the unlawful employment practices out of which Plaintiff's claims herein arise were committed within this District and Division. All facts and circumstances arising from this dispute took place in Hillsborough County, Florida.

## PARTIES

8.     Plaintiff, RODDRICK PERNELL KITTLES, is a 60-year-old African American male who suffers from multiple chronic medical conditions including skin rashes, stomach problems, depression, and insomnia requiring medication, which substantially limit one or more of his major life activities.

9.     Plaintiff is a member of protected classes under federal and state law based on his race (African American), age (60), and disability status under Title VII, the ADEA, the ADA, and the FCRA.

10.     During the period from January 19, 2017, until July 31, 2023, Defendant employed Plaintiff as a Product Specialist/Bronco Specialist at their Tampa, Florida location.

11.     At all times material herein, Plaintiff met the definitions of "employee" and "eligible employee" under all applicable federal and state statutes.

12.     At all times material herein, Plaintiff was an employee entitled to protection as defined by Title VII, the ADEA, the ADA, and the FCRA.

13.     The Defendant, TAMPA-F, LLC, d/b/a ELDER FORD OF TAMPA LLC, is a corporation with its corporate headquarters located at 150 North Bartlett, Medford, OR 97501.

14.     At all times material herein, Defendant regularly conducted, and continues to conduct, business throughout Hillsborough County, Florida, from its location at 9560 N Florida Ave, Tampa, FL 33612, where they employed Plaintiff.

15.     At all times material herein, Defendant employed fifteen (15) or more employees and met, and continues to meet, the definitions of "employer" under all applicable federal and state statutes including, but not limited to Title VII, the ADEA, the ADA, and the FCRA.

16.     Accordingly, Defendant is liable under Title VII, the ADEA, the ADA, and the FCRA for the unlawful discrimination and retaliation to which it subjected Plaintiff.

## ADMINISTRATIVE PREREQUISITES

17.     Plaintiff has properly exhausted all administrative prerequisites prior to filing the instant lawsuit.

18.     On November 20, 2023, Plaintiff timely dual filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") against Defendant alleging race, age, and disability discrimination, as well as retaliation (EEOC Charge No. 511-2023-03183).

19.     Plaintiff subsequently filed a second Charge of Discrimination with the EEOC and FCHR (EEOC Charge No. 511-2024-02707).

20.     On April 17, 2025, the EEOC issued Plaintiff a Notice of Right to Sue in reference to his Charges of Discrimination against Defendant.

21.     More than one hundred eighty (180) days have elapsed since the filing of Plaintiff's Charges of Discrimination and the FCHR has not conciliated or determined whether there is reasonable cause. Therefore, Plaintiff is entitled to bring his FCRA claims in the instant civil action against Defendant and jurisdiction is proper in this Court. See §§ 760.11(4)(a) and 760.11(8), Florida Statutes.

22.     All conditions precedent to bringing this action have been performed or have occurred.

## GENERAL ALLEGATIONS

23.     Plaintiff began his employment with Defendant on January 19, 2017, as a Product Specialist/Bronco Specialist at Elder Ford of Tampa. Throughout his employment, Plaintiff consistently performed his job duties in a satisfactory manner, as evidenced by his successful sales record and increasing earnings from $115,000 in 2021 to $134,000 in 2022.

24.     In January 2022, Plaintiff began experiencing serious health issues including skin rashes, stomach problems, depression, and insomnia requiring medication. These conditions substantially limited one or more of Plaintiff's major life activities.

25.     On January 24, 2022, Plaintiff obtained medical documentation from Dr. T. Faulkner, MD at Evara Health-Bayfront regarding his medical conditions and need for accommodation.

26.     On January 27, 2022, Plaintiff formally requested reasonable accommodations from Defendant, specifically requesting not to be confined in closed rooms and to participate in meetings via video conference when possible.

27.    On January 29, 2022, Plaintiff submitted a medical leave request through ReedGroup (Leave ID: 278452880819) for the period of January 29, 2022, through July 29, 2022.

28.    Despite Plaintiff's documented medical conditions and reasonable accommodation requests, Defendant failed to engage in the interactive process and failed to provide reasonable accommodation for Plaintiff's disabilities.

29.    Throughout his employment, Plaintiff was subjected to discriminatory treatment based on his race, age, and disability. This included, but was not limited to, different terms and conditions of employment compared to younger, non-African American, and non-disabled employees.

30.    On September 8, 2022, Plaintiff was involved in a verbal altercation with Desk Manager Eric Hazel, which was recorded on video. This incident was representative of the hostile work environment Plaintiff experienced.

31.    On October 30-31, 2022, Plaintiff experienced discriminatory treatment involving a customer, Benjamin Fenley, where management

undermined Plaintiff's authority and treated him differently than non-African American employees in similar situations.

32.   Plaintiff made multiple complaints to management, including Dan Sills (General Manager), Chris Myers (General Sales Manager), and Badre Ghoumari (Direct Supervisor) regarding the discriminatory treatment he was experiencing.

33.   On March 17, 2023, Plaintiff attended a meeting with management regarding his HR complaints. Rather than addressing his concerns, management responded by further restricting his working conditions and opportunities.

34.   Following Plaintiff's complaints of discrimination and requests for accommodation, Defendant engaged in retaliatory actions, including but not limited to:

      a.   Limiting his access to customers and sales opportunities;

      b.   Excluding him from meetings and communications;

      c.   Subjecting him to increased scrutiny and criticism;

      d.   Creating a hostile work environment; and

      e.   Interfering with his ability to earn commissions.

35.    The discriminatory and retaliatory treatment by Defendant caused Plaintiff's earnings to decrease significantly, from $134,000 in 2022 to only $67,000 in partial year 2023.

36.    The continuous discrimination, harassment, and retaliation created working conditions so intolerable that Plaintiff was forced to resign his position on July 31, 2023, constituting a constructive discharge.

37.    Following his constructive discharge, Plaintiff obtained employment at Jaguar of Tampa, earning only $750 per week plus commissions, significantly less than his previous earnings at Elder Ford. After approximately six months, Plaintiff was forced to take a position with Walden Security at $20 per hour, representing a substantial reduction in income.

38.    As a direct and proximate result of Defendant's discriminatory and retaliatory actions, Plaintiff has suffered and continues to suffer:

      a.    Loss of income and benefits;

      b.    Emotional distress and mental anguish;

      c.    Depression and anxiety;

      d.    Medical expenses;

      e.    Damage to his professional reputation; and

      f.     Loss of future earning capacity.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
### Discrimination Based on Disability
### 42 U.S.C. §§ 12101-12213

39.    Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 38 of this Complaint as though fully set forth herein.

40.    At all times material herein, Plaintiff was a qualified individual with a disability within the meaning of the ADA, as he suffered from multiple chronic medical conditions including skin rashes, stomach problems, depression, and insomnia requiring medication, which substantially limited one or more of his major life activities.

41.    At all times material herein, Defendant employed Plaintiff and Defendant was an "employer" within the meaning of the ADA.

42.    Moreover, Defendant is a "person" within the meaning of the ADA, 42 U.S.C. § 12101 et seq.

43.    Defendant, as Plaintiff's employer, was obligated to provide reasonable accommodations for Plaintiff's disabilities and to protect Plaintiff from discrimination in the workplace.

44.    In January 2022, Plaintiff properly requested reasonable accommodation from Defendant, specifically requesting not to be confined in closed rooms and to participate in meetings via video conference when possible.

45.    Plaintiff provided medical documentation from Dr. T. Faulkner, MD, supporting his need for this accommodation.

46.    Despite Plaintiff's documented medical conditions and reasonable accommodation requests, Defendant failed to engage in the interactive process and failed to provide reasonable accommodation for Plaintiff's disabilities.

47.    Instead, Defendant subjected Plaintiff to discriminatory treatment, including but not limited to:

      a.    Failing to provide reasonable accommodations;

      b.    Requiring Plaintiff to work in conditions that exacerbated his medical conditions;

      c.    Limiting his access to customers and sales opportunities;

      d.    Excluding him from meetings and communications;

      e.    Subjecting him to increased scrutiny and criticism; and

      f.    Creating a hostile work environment.

48.    The discriminatory treatment by Defendant materially altered the terms and conditions of Plaintiff's employment, as evidenced by his significant decrease in earnings from $134,000 in 2022 to only $67,000 in partial year 2023.

49.    A reasonable person would have found that Defendant's discriminatory acts materially altered the terms and conditions of employment.

50.    Plaintiff did not welcome the discriminatory treatment and did not directly or indirectly invite or solicit it by his own acts or statements.

51.    At all times material herein, Defendant knew, or in the exercise of reasonable care should have known, about the discrimination against Plaintiff, but did not take prompt remedial action.

52.    The conduct of Defendant, by and through its employees, supervisors, managers, and agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the discrimination of Plaintiff, deprived him of statutory rights under the ADA.

53.    As a direct, proximate, and foreseeable result of Defendant's discriminatory actions and violations of the ADA, Plaintiff has suffered,

continues to suffer, and will suffer the following:

a.   Lost wages and benefits, past and future;

b.   Lost earning capacity;

c.   Emotional distress and mental anguish;

d.   Depression and anxiety;

e.   Medical expenses;

f.   Damage to his professional reputation; and

g.   Other nonpecuniary losses and intangible injuries.

**WHEREFORE**, the Plaintiff, RODDRICK PERNELL KITTLES, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, TAMPA-F, LLC, d/b/a ELDER FORD OF TAMPA LLC, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.   Grant judgment in favor of Plaintiff and declare that Defendant has violated the ADA, 42 U.S.C. § 12101 et seq., as amended, and its implementing Regulations, by discriminating against Plaintiff based on his disability;

B.   Award sufficient remedial relief to make Plaintiff whole for the individual loss that he has suffered because of the discrimination

to which Defendant subjected him, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination he has endured;

C.  Award compensatory damages to Plaintiff in an amount that will fully, justly, and reasonably compensate Plaintiff for the nature, extent, and duration of his injuries and damages caused by Defendant's discriminatory conduct and actions pursuant to the ADA;

D.  Award Plaintiff all other damages available under the ADA, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under the ADA, according to proof;

E.  Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate, as provided by law;

F.  Award Plaintiff his attorneys' fees, reasonable expert witness fees, and the costs of this action; and

G.  Grant such other and further relief as this Court may deem

equitable, just, and proper.

## COUNT II
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
### Retaliation
### 42 U.S.C. §§ 12101-12213

54.     Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 38 of this Complaint as though fully set forth herein.

55.     At all times material herein, Plaintiff engaged in protected activity under the ADA by:

       a.     Requesting reasonable accommodations for his disabilities;

       b.     Submitting medical documentation supporting his need for accommodations;

       c.     Filing a medical leave request through ReedGroup; and

       d.     Complaining about discrimination to management.

56.     Following Plaintiff's protected activities, Defendant subjected him to adverse employment actions, including but not limited to:

       a.     Denying his requests for reasonable accommodations;

       b.     Limiting his access to customers and sales opportunities;

      c.     Excluding him from meetings and communications;

      d.     Subjecting him to increased scrutiny and criticism;

      e.     Creating a hostile work environment;

      f.     Interfering with his ability to earn commissions; and

      g.     Constructively discharging him from his employment.

57.    The actions and inaction of Defendant, by and through the conduct of its employees, supervisors, managers, and agents, as more particularly described hereinabove, constitute unlawful retaliation.

58.    As his employer, Defendant was obligated to protect Plaintiff from retaliation for engaging in protected activity under the ADA.

59.    Defendant violated the ADA by, among other things, failing to prevent and promptly correct the retaliatory conduct toward Plaintiff once it learned of it.

60.    Plaintiff, by being subjected to this retaliation created by Defendant, was unreasonably and negatively affected in the terms, conditions, and privileges of his employment with Defendant.

61.    The conduct of Defendant, by and through its employees, supervisors, managers, and other agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative

and remedial action to prevent the retaliation against Plaintiff, deprived him of statutory rights under the ADA.

62.    As a direct, proximate, and foreseeable result of Defendant's retaliatory actions and violations of the ADA, Plaintiff has suffered, continues to suffer, and will suffer the following:

      a.    Lost wages and benefits, past and future;

      b.    Lost earning capacity;

      c.    Emotional distress and mental anguish;

      d.    Depression and anxiety;

      e.    Medical expenses;

      f.    Damage to his professional reputation; and

      g.    Other nonpecuniary losses and intangible injuries.

**WHEREFORE**, the Plaintiff, RODDRICK PERNELL KITTLES, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, TAMPA-F, LLC, d/b/a ELDER FORD OF TAMPA LLC, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

      A.    Grant judgment in favor of Plaintiff and declare that Defendant has violated the ADA, 42 U.S.C. § 12101 et seq., as amended, and

its implementing Regulations, by retaliating against Plaintiff for engaging in protected activity;

B.     Award sufficient remedial relief to make Plaintiff whole for the individual loss that he has suffered because of the retaliation to which Defendant subjected him, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate measures to overcome the effects of the retaliation he has endured;

C.     Award compensatory damages to Plaintiff in an amount that will fully, justly, and reasonably compensate Plaintiff for the nature, extent, and duration of his injuries and damages caused by Defendant's retaliatory conduct and actions pursuant to the ADA;

D.     Award Plaintiff all other damages available under the ADA, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under the ADA, according to proof;

E.     Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate, as provided by law;

F.     Award Plaintiff his attorneys' fees, reasonable expert witness fees, and the costs of this action; and

G.     Grant such other and further relief as this Court may deem equitable, just, and proper.

**COUNT III**
**VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT**
**Race Discrimination**
**42 U.S.C. § 2000e et seq.**

63.    Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 38 of this Complaint as though fully set forth herein.

64.    Plaintiff is African American and, as such, is a member of a protected class under Title VII.

65.    At all times material herein, Defendant employed Plaintiff and Defendant was an "employer" within the meaning of Title VII.

66.    Moreover, Defendant is a "person" within the meaning of Title VII, 42 U.S.C. § 2000e(a).

67.    Throughout his employment, Plaintiff was subjected to discriminatory treatment based on his race, including but not limited to:

      a.    Different terms and conditions of employment compared to non-African American employees;

      b.    Limiting his access to customers and sales opportunities;

      c.    Undermining his authority with customers;

      d.    Subjecting him to increased scrutiny and criticism;

      e.    Creating a hostile work environment; and

      f.    Interfering with his ability to earn commissions.

68.    The discriminatory treatment by Defendant materially altered the terms and conditions of Plaintiff's employment, as evidenced by his significant decrease in earnings from $134,000 in 2022 to only $67,000 in partial year 2023.

69.    A reasonable person would have found that Defendant's discriminatory acts materially altered the terms and conditions of employment.

70.    Plaintiff did not welcome the discriminatory treatment and did not directly or indirectly invite or solicit it by his own acts or statements.

71.     At all times material herein, Defendant knew, or in the exercise of reasonable care should have known, about the discrimination against Plaintiff, but did not take prompt remedial action.

72.     The conduct of Defendant, by and through its employees, supervisors, managers, and agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the discrimination of Plaintiff, deprived him of statutory rights under Title VII.

73.     As a direct, proximate, and foreseeable result of Defendant's discriminatory actions and violations of Title VII, Plaintiff has suffered, continues to suffer, and will suffer the following:

>   a.     Lost wages and benefits, past and future;
>
>   b.     Lost earning capacity;
>
>   c.     Emotional distress and mental anguish;
>
>   d.     Depression and anxiety;
>
>   e.     Damage to his professional reputation; and
>
>   f.     Other nonpecuniary losses and intangible injuries.

**WHEREFORE**, the Plaintiff, RODDRICK PERNELL KITTLES, requests trial by jury of all issues so triable as of right, demands judgment

against the Defendant, TAMPA-F, LLC, d/b/a ELDER FORD OF TAMPA LLC, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.    Grant judgment in favor of Plaintiff and declare that Defendant has violated Title VII by discriminating against Plaintiff based on his race;

B.    Award sufficient remedial relief to make Plaintiff whole for the individual loss that he has suffered because of the discrimination to which Defendant subjected him, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate measures to overcome the effects of the discrimination he has endured;

C.    Award compensatory damages to Plaintiff in an amount that will fully, justly, and reasonably compensate Plaintiff for the nature, extent, and duration of his injuries and damages caused by Defendant's discriminatory conduct and actions pursuant to Title VII;

D.      Award Plaintiff all other damages available under Title VII, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under Title VII, according to proof;

E.      Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate, as provided by law;

F.      Award Plaintiff his attorneys' fees, reasonable expert witness fees, and the costs of this action; and

G.      Grant such other and further relief as this Court may deem equitable, just, and proper.

**COUNT IV**
**VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT**
**Retaliation**
**42 U.S.C. § 2000e et seq.**

74.     Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 38 of this Complaint as though fully set forth herein.

75.     At all times material herein, Plaintiff engaged in protected activity under Title VII by:

a. Making complaints to management about racial discrimination;

b. Opposing discriminatory practices in the workplace; and

c. Filing charges of discrimination with the EEOC.

76. Following Plaintiff's protected activities, Defendant subjected him to adverse employment actions, including but not limited to:

a. Limiting his access to customers and sales opportunities;

b. Excluding him from meetings and communications;

c. Subjecting him to increased scrutiny and criticism;

d. Creating a hostile work environment;

e. Interfering with his ability to earn commissions; and

f. Constructively discharging him from his employment.

77. The actions and inaction of Defendant, by and through the conduct of its employees, supervisors, managers, and agents, as more particularly described hereinabove, constitute unlawful retaliation.

78. As his employer, Defendant was obligated to protect Plaintiff from retaliation for engaging in protected activity under Title VII.

79.    Defendant violated Title VII by, among other things, failing to prevent and promptly correct the retaliatory conduct toward Plaintiff once it learned of it.

80.    Plaintiff, by being subjected to this retaliation created by Defendant, was unreasonably and negatively affected in the terms, conditions, and privileges of his employment with Defendant.

81.    The conduct of Defendant, by and through its employees, supervisors, managers, and other agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the retaliation against Plaintiff, deprived him of statutory rights under Title VII.

82.    As a direct, proximate, and foreseeable result of Defendant's retaliatory actions and violations of Title VII, Plaintiff has suffered, continues to suffer, and will suffer the following:

    a.    Lost wages and benefits, past and future;

    b.    Lost earning capacity;

    c.    Emotional distress and mental anguish;

    d.    Depression and anxiety;

    e.    Damage to his professional reputation; and

f.    Other nonpecuniary losses and intangible injuries.

**WHEREFORE**, the Plaintiff, RODDRICK PERNELL KITTLES, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, TAMPA-F, LLC, d/b/a ELDER FORD OF TAMPA LLC, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.    Grant judgment in favor of Plaintiff and declare that Defendant has violated Title VII by retaliating against Plaintiff for engaging in protected activity;

B.    Award sufficient remedial relief to make Plaintiff whole for the individual loss that he has suffered because of the retaliation to which Defendant subjected him, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate measures to overcome the effects of the retaliation he has endured;

C.    Award compensatory damages to Plaintiff in an amount that will fully, justly, and reasonably compensate Plaintiff for the nature, extent, and duration of his injuries and damages caused

by Defendant's retaliatory conduct and actions pursuant to Title
VII;

D.    Award Plaintiff all other damages available under Title VII,
including, but not limited to, the damages set forth above and
other economic losses proximately caused and allowable under
Title VII, according to proof;

E.    Award Plaintiff pre- and post-judgment interest calculated at the
prevailing rate, as provided by law;

F.    Award Plaintiff his attorneys' fees, reasonable expert witness
fees, and the costs of this action; and

G.    Grant such other and further relief as this Court may deem
equitable, just, and proper.

## COUNT V
### VIOLATION OF THE
### AGE DISCRIMINATION IN EMPLOYMENT ACT
### Age Discrimination
### 29 U.S.C. § 621 et seq.

83.    Plaintiff alleges, realleges, and incorporates by reference all
allegations set forth in each of the preceding Paragraphs 1 through 38 of this
Complaint as though fully set forth herein.

84.    Plaintiff is 60 years old and, as such, is a member of a protected class under the ADEA.

85.    At all times material herein, Defendant employed Plaintiff and Defendant was an "employer" within the meaning of the ADEA.

86.    Throughout his employment, Plaintiff was subjected to discriminatory treatment based on his age, including but not limited to:

        a.    Different terms and conditions of employment compared to younger employees;

        b.    Limiting his access to customers and sales opportunities;

        c.    Excluding him from meetings and communications;

        d.    Subjecting him to increased scrutiny and criticism;

        e.    Creating a hostile work environment; and

        f.    Interfering with his ability to earn commissions.

87.    The discriminatory treatment by Defendant materially altered the terms and conditions of Plaintiff's employment, as evidenced by his significant decrease in earnings from $134,000 in 2022 to only $67,000 in partial year 2023.

88.    A reasonable person would have found that Defendant's discriminatory acts materially altered the terms and conditions of employment.

89.    Plaintiff did not welcome the discriminatory treatment and did not directly or indirectly invite or solicit it by his own acts or statements.

90.    At all times material herein, Defendant knew, or in the exercise of reasonable care should have known, about the discrimination against Plaintiff, but did not take prompt remedial action.

91.    The conduct of Defendant, by and through its employees, supervisors, managers, and agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the discrimination of Plaintiff, deprived him of statutory rights under the ADEA.

92.    As a direct, proximate, and foreseeable result of Defendant's discriminatory actions and violations of the ADEA, Plaintiff has suffered, continues to suffer, and will suffer the following:

      a.    Lost wages and benefits, past and future;

      b.    Lost earning capacity;

      c.    Emotional distress and mental anguish;

d.    Depression and anxiety;

e.    Damage to his professional reputation; and

f.    Other nonpecuniary losses and intangible injuries.

**WHEREFORE**, the Plaintiff, RODDRICK PERNELL KITTLES, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, TAMPA-F, LLC, d/b/a ELDER FORD OF TAMPA LLC, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.    Grant judgment in favor of Plaintiff and declare that Defendant has violated the ADEA by discriminating against Plaintiff based on his race, age, and disability, and by retaliating against him for engaging in protected activity;

B.    Award sufficient remedial relief to make Plaintiff whole for the individual losses that he has suffered because of the discrimination and retaliation to which Defendant subjected him, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate measures to overcome the effects of the discrimination and retaliation he has endured;

31

C.    Award compensatory damages to Plaintiff in an amount that will fully, justly, and reasonably compensate Plaintiff for the nature, extent, and duration of his injuries and damages caused by Defendant's discriminatory and retaliatory conduct and actions pursuant to the ADEA;

D.    Award Plaintiff all other damages available under the ADEA, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under these statutes, according to proof;

E.    Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate, as provided by law;

F.    Award Plaintiff his attorneys' fees, reasonable expert witness fees, and the costs of this action; and

G.    Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT VI
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
## RACE DISCRIMINATION

93.    Plaintiff, RODDRICK PERNELL KITTLES, re-alleges and incorporates paragraphs 1 through 38 above as if fully set forth herein.

94.    The Florida Civil Rights Act of 1992, Fla. Stat. § 760.01 et seq. ("FCRA") makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based on that person's race.

95.    Plaintiff is an African American male and thus is a member of a protected class and protected by the FCRA from discrimination based on his race.

96.    Defendant was an "employer" within the meaning of the FCRA during the time of these allegations.

97.    Plaintiff has satisfied all procedural and administrative requirements set forth in the Florida Civil Rights Act, Section 760.01, et seq., Florida Statutes.

98.    Mr. Kittles was qualified for his job, as evidenced by his successful employment history and earnings of $115,000 in 2021 and $134,000 in 2022.

99.     During his employment at Elder Ford of Tampa, Defendant's management team, including Dan Sills, Chris Myers, William King, and Eric Hazel, subjected Mr. Kittles to different terms and conditions of employment based on his race, including but not limited to:

      a.     Requiring excessive work hours without overtime compensation;

      b.     Arbitrary reduction of commissions;

      c.     Imposing unfair financial penalties;

      d.     Denying reasonable medical accommodations;

      e.     Interfering with customer relationships; and

      f.     Excluding him from meetings and training opportunities.

100.   Mr. Kittles was subjected to racial comments and harassment by management, particularly during the March 17, 2023, meeting where General Manager Dan Sills made inappropriate racial comments and instructed Mr. Kittles to stop contacting Human Resources regarding his discrimination complaints.

101.   Defendant treated similarly situated non-African American employees more favorably than Plaintiff with respect to work assignments, commissions, disciplinary actions, and accommodation requests.

102.   On October 30-31, 2022, Defendant's management deliberately interfered with Mr. Kittles' business relationship with his long-standing customer Benjamin "Ira" Fenley, resulting in significant financial losses and demonstrating racial animus in their treatment of African American employees.

103.   Defendant knew or should have known about the discrimination alleged herein but failed to take prompt remedial action to eliminate the discriminatory work environment.

104.   Defendant is liable for the discrimination alleged herein. These actions all adversely affected the terms and conditions of Plaintiff's employment in violation of the FCRA.

105.   As a direct and proximate result of Defendant's discriminatory actions, Plaintiff has suffered:

      a.     Lost wages and benefits;

      b.     Reduced earning capacity;

      c.     Emotional distress;

      d.     Mental anguish;

      e.     Physical manifestations including skin rashes, stomach issues, depression, and insomnia;

f.    Damage to his professional reputation; and

g.    Other economic and non-economic damages.

**WHEREFORE**, Plaintiff, RODDRICK PERNELL KITTLES, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, TAMPA-F, LLC d/b/a ELDER FORD OF TAMPA LLC, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.    Grant judgment in favor of Plaintiff and declare that Defendant has violated the FCRA by discriminating against Plaintiff based on his race, age, and disability;

B.    Award sufficient remedial relief to make Plaintiff whole for the individual loss that he has suffered because of Defendant's discrimination against him, including, but not limited to, front pay in lieu of reinstatement, full back pay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination he has endured;

C.    Award compensatory damages to Plaintiff in a sum that will properly and completely compensate Plaintiff for the nature,

extent, and duration of the injuries and damages caused by Defendant's discriminatory conduct and actions, pursuant to and within the statutory limitations of the FCRA;

D.     Award Plaintiff any and all other damages available under the FCRA, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under the FCRA, according to proof;

E.     Preliminarily and permanently enjoin and restrain Defendant from engaging in acts of discrimination and retaliation against Plaintiff;

F.     Award Plaintiff pre- and post-judgment interest;

G.     Award Plaintiff his attorneys' fees, including litigation expenses, and the costs of this action pursuant to the FCRA; and

H.     Grant such other and further relief as this Court deems just and proper.

## COUNT VII
## VIOLATION OF FLORIDA CIVIL RIGHTS ACT, FLORIDA STATUTES §§ 760.01-11
### Disability Discrimination

106.  Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 38 of this Complaint as though fully set forth herein.

107.  Plaintiff is a member of a protected class under the FCRA by virtue of his disabilities, which include chronic skin rashes, stomach problems, depression, and insomnia requiring medication.

108.  At all times material herein, Defendant employed Plaintiff and Defendant was and is an "employer" within the meaning of the FCRA.

109.  Defendant is a "person" within the meaning of the FCRA, § 760.02(6), Florida Statutes, in that the definition includes "an individual, association, corporation, joint apprenticeship committee, joint-stock company, labor union, legal representative, mutual company, partnership, receiver, trust, trustee in bankruptcy, or unincorporated organization; any other legal or commercial entity; the state; or any governmental entity or agency."

110.   Plaintiff's disabilities substantially limited one or more major life activities, including but not limited to sleeping, eating, and working.

111.   Plaintiff was qualified to perform the essential functions of his position with or without reasonable accommodation, as evidenced by his successful performance and substantial earnings prior to requesting accommodation.

112.   Plaintiff requested reasonable accommodation for his disabilities, including but not limited to attending meetings via video conference and avoiding closed room meetings, which were supported by medical documentation from his physician.

113.   Defendant failed to engage in the interactive process and refused to provide reasonable accommodation for Plaintiff's disabilities.

114.   Instead, Defendant subjected Plaintiff to adverse employment actions because of his disabilities, including but not limited to:

      a.   Requiring excessive work hours without overtime compensation;

      b.   Arbitrarily reducing his commissions;

      c.   Imposing unwarranted financial penalties;

      d.   Suspending him without cause;

 e. Interfering with his customer relationships;

 f. Creating a hostile work environment; and

 g. Constructively discharging him from employment.

115. Similarly situated employees who did not have disabilities were treated more favorably than Plaintiff.

116. The discriminatory treatment Plaintiff endured was severe and pervasive, creating working conditions so intolerable that a reasonable person would be compelled to resign.

117. As a direct, proximate, and foreseeable result of Defendant's discriminatory actions and omissions, Plaintiff has suffered, continues to suffer, and will suffer the following:

 a. Lost wages and benefits, past and future;

 b. Lost earning capacity;

 c. Emotional distress;

 d. Mental anguish;

 e. Physical manifestations of stress;

 f. Medical expenses;

 g. Damage to his professional reputation; and

 h. Other economic losses.

**WHEREFORE**, The Plaintiff, RODDRICK PERNELL KITTLES, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, TAMPA-F, LLC, d/b/a ELDER FORD OF TAMPA, LLC, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.  Grant judgment in favor of Plaintiff and declare that Defendant has violated the FCRA by discriminating against Plaintiff based on his disability;

B.  Award sufficient remedial relief to make Plaintiff whole for the individual loss that he has suffered because of Defendant's discriminatory and retaliatory conduct, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate measures to overcome the effects of the discrimination he has endured;

C.  Award compensatory damages to Plaintiff in a sum that will properly and completely compensate Plaintiff for the nature, extent, and duration of his injuries and damages caused by Defendant's discriminatory conduct and actions, pursuant to

and within the statutory limitations of the FCRA, including but not limited to:

1.   Lost wages and benefits, past and future;

2.   Lost earning capacity;

3.   Emotional distress;

4.   Mental anguish;

5.   Physical manifestations of stress;

6.   Medical expenses; and

7.   Damage to professional reputation;

D.   Award Plaintiff pre-judgment and post-judgment interest on all monetary amounts awarded;

E.   Award Plaintiff his reasonable attorneys' fees, including litigation expenses, expert witness fees, and the costs of this action pursuant to the FCRA; and

F.   Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT VIII
## VIOLATION OF FLORIDA CIVIL RIGHTS ACT, FLORIDA STATUTES §§ 760.01-11
## Age Discrimination

118.   Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 38 of this Complaint as though fully set forth herein.

119.   Plaintiff is a member of a protected class under the FCRA by virtue of his age (60 years old).

120.   At all times material herein, Plaintiff was qualified for his position and met Defendant's legitimate performance expectations, as evidenced by his successful sales record and substantial earnings.

121.   Defendant subjected Plaintiff to adverse employment actions because of his age, including but not limited to:

        a.     Imposing different disciplinary standards;

        b.     Applying different commission structures;

        c.     Creating different working conditions;

        d.     Interfering with customer relationships; and

        e.     Constructively discharging him from employment.

122.   Similarly situated younger employees were treated more favorably than Plaintiff.

123.   The discriminatory treatment Plaintiff endured was severe and pervasive, creating working conditions so intolerable that a reasonable person would be compelled to resign.

124.   As a direct, proximate, and foreseeable result of Defendant's discriminatory actions and omissions, Plaintiff has suffered, continues to suffer, and will suffer the following:

      a.   Lost wages and benefits, past and future;

      b.   Lost earning capacity;

      c.   Emotional distress;

      d.   Mental anguish;

      e.   Physical manifestations of stress;

      f.   Medical expenses;

      g.   Damage to his professional reputation; and

      h.   Other economic losses.

**WHEREFORE**, the Plaintiff, RODDRICK PERNELL KITTLES, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, TAMPA-F, LLC, d/b/a ELDER FORD OF TAMPA,

LLC, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.  Grant judgment in favor of Plaintiff and declare that Defendant has violated the FCRA by discriminating against Plaintiff based on his age;

B.  Award sufficient remedial relief to make Plaintiff whole for the individual loss that he has suffered because of Defendant's discriminatory conduct, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate measures to overcome the effects of the discrimination he has endured;

C.  Award compensatory damages to Plaintiff in a sum that will properly and completely compensate Plaintiff for the nature, extent, and duration of his injuries and damages caused by Defendant's discriminatory conduct and actions, pursuant to and within the statutory limitations of the FCRA, including but not limited to:

1.  Lost wages and benefits, past and future;

2.  Lost earning capacity;

3.      Emotional distress;

4.      Mental anguish;

5.      Physical manifestations of stress;

6.      Medical expenses; and

7.      Damage to professional reputation;

D.      Award Plaintiff pre-judgment and post-judgment interest on all monetary amounts awarded;

E.      Award Plaintiff his reasonable attorneys' fees, including litigation expenses, expert witness fees, and the costs of this action pursuant to the FCRA; and

F.      Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT IX
## VIOLATION OF FLORIDA CIVIL RIGHTS ACT, FLORIDA STATUTES §§ 760.01-11
## Retaliation

125.   Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 38 of this Complaint as though fully set forth herein.

126.   Plaintiff engaged in protected activity under the FCRA by:

      a.    Requesting reasonable accommodations for his disabilities;

      b.    Opposing discriminatory practices; and

      c.    Attempting to contact Human Resources regarding discrimination.

127.   Defendant was aware of Plaintiff's protected activities.

128.   Following Plaintiff's protected activities, Defendant subjected him to adverse employment actions, including but not limited to:

      a.    Requiring excessive work hours without overtime compensation;

      b.    Arbitrarily reducing his commissions;

      c.    Imposing unwarranted financial penalties;

      d.    Suspending him without cause;

      e.    Interfering with his customer relationships;

      f.    Creating a hostile work environment;

      g.    Instructing him to stop contacting Human Resources; and

      h.    Constructively discharging him from employment.

129.   A causal connection exists between Plaintiff's protected activities and the adverse employment actions taken against him.

130.    As a direct, proximate, and foreseeable result of Defendant's discriminatory actions and omissions, Plaintiff has suffered, continues to suffer, and will suffer the following:

      a.    Lost wages and benefits, past and future;

      b.    Lost earning capacity;

      c.    Emotional distress;

      d.    Mental anguish;

      e.    Physical manifestations of stress;

      f.    Medical expenses;

      g.    Damage to his professional reputation; and

      h.    Other economic losses..

**WHEREFORE,** the Plaintiff, RODDRICK PERNELL KITTLES, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, TAMPA-F, LLC, d/b/a ELDER FORD OF TAMPA, LLC, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

      A.    Grant judgment in favor of Plaintiff and declare that Defendant has violated the FCRA by retaliating against him for engaging in protected activities;

B.    Award sufficient remedial relief to make Plaintiff whole for the individual loss that he has suffered because of Defendant's retaliatory conduct, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate measures to overcome the effects of the retaliation he has endured;

C.    Award compensatory damages to Plaintiff in a sum that will properly and completely compensate Plaintiff for the nature, extent, and duration of his injuries and damages caused by Defendant's retaliatory conduct and actions, pursuant to and within the statutory limitations of the FCRA, including but not limited to:

1.    Lost wages and benefits, past and future;

2.    Lost earning capacity;

3.    Emotional distress;

4.    Mental anguish;

5.    Physical manifestations of stress;

6.    Medical expenses; and

7.    Damage to professional reputation;

D.    Award Plaintiff pre-judgment and post-judgment interest on all monetary amounts awarded;

E.    Award Plaintiff his reasonable attorneys' fees, including litigation expenses, expert witness fees, and the costs of this action pursuant to the FCRA; and

F.    Grant such other and further relief as this Court may deem equitable, just, and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury.

Date this 23rd day of April 2025.

*/s/ Jason W. Imler, Esq*

Jason W. Imler
Florida Bar No. 1004422
Alberto "Tito" Gonzalez
Florida Bar No. 1037033
**Imler Law**
23110 State Road 54, Unit 407
Lutz, Florida 33549
(P): 813-553-7709
Jason@ImlerLaw.com
Tito@ImlerLaw.com
Ashley@ImlerLaw.com
Tiffany@ImlerLaw.com